[973 NYS2d 563]

In the Matter of JASLEEN K. ANAND (Admitted as JASLEEN KAUR ANAND), a Suspended Attorney, Resignor.

Second Department, October 23, 2013

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for Grievance Committee for the Tenth Judicial District.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for resignor.

## OPINION OF THE COURT

Per Curiam.

Jasleen K. Anand has proffered an affidavit of resignation wherein she acknowledges that she is the subject of a disciplinary proceeding in which she is charged, inter alia, with misappropriating funds or other property belonging to another person, failing to maintain complete records of all funds of a client or third person coming into her possession or render appropriate accounts to the client or third person, disbursing estate funds to herself and/or her law firm without authorization, failing to maintain required bookkeeping records for an estate, failing to keep a client reasonably informed of the status of a matter, and engaging in conduct involving dishonesty, deceit, fraud, or misrepresentation. She avers that she cannot successfully defend herself on the merits against any of the charges initiated against her.

Ms. Anand further acknowledges that her resignation is freely and voluntarily rendered, and that she is not being subjected to coercion or duress by anyone. She has discussed her decision to submit a resignation with her attorney, and is fully aware of the implications of same, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

Finally, Ms. Anand avers that her resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). She further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against her pursuant to Judiciary Law § 90 (6-a) (d). She specifically waives the opportunity afforded to her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept Ms. Anand's resignation from the bar and that her name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective

immediately, Ms. Anand is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and HINDS-RADIX, JJ., concur.

Ordered that the resignation of Jasleen K. Anand, admitted as Jasleen Kaur Anand, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jasleen K. Anand, admitted as Jasleen Kaur Anand, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jasleen K. Anand, admitted as Jasleen Kaur Anand, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jasleen K. Anand, admitted as Jasleen Kaur Anand, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jasleen K. Anand, admitted as Jasleen Kaur Anand, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).